UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DONALD CHRISTOPHER BURGO**<br>    **LA. DOC. #197078** | : | **CIVIL ACTION NO. 15-cv-668**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **N. BURL CAIN, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se petitioner Donald Christopher Burgo ("Burgo"). Burgo is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

Burgo originally filed this matter in the United States District Court for the Middle District of Louisiana. *Burgo v. Cain*, No. 3:15-cv-156 (M.D. La. Mar. 19, 2015). The Middle District transferred the case to this court because Burgo was convicted in Beauregard Parish, Louisiana, located in the Western District of Louisiana. Burgo filed his petition on a form used for § 2254 habeas matters.

As his first basis for relief Burgo alleges theft of benefits by the prison facility. *Id.* at doc. 1, p. 5. He further alleges that he is mentally disabled and that his conviction is in contravention

of various statutes. *Id.* As his second basis for relief Burgo claims denial of access to the court in relation to the succession of his father and the distribution of the assets of his father's estate. *Id.* at p. 7. For his third basis of relief he alleges, among other claims, breach of contract, concealment or theft, bank fraud, and conspiracy. *Id.* at p. 9. Burgo's fourth basis for relief reads, "[d]oes F.R.C.P. Rule 72(a) or (b) apply? Confinement condition-should this be a Bivens form federal application w/jurisdiction over national banks?" *Id.* at p. 10.

With respect to timeliness, Burgo alleges that a state-created impediment prevented him from timely filing his claims. *Id.* at p. 14.

As relief for the above, Burgo seeks "intervention by the U.S or by State" and an annulment of his father's last will and testament precluding its reopening. *Id.* at p. 15.

## II.
### LAW AND ANALYSIS

#### A. *Habeas Claims*

This is at least the fourth habeas corpus petition filed by Burgo. As he is aware, Title 28 U.S.C. § 2244(b) provides certain gate-keeping requirements before a successive habeas corpus petition can be considered by the district court. While a habeas corpus petition is not necessarily second or successive simply because it follows an earlier federal petition, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. §2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518

U.S. 651, 655–58, 662–63 (1996). Under this approach, the key issue is whether or not the first petition was adjudicated on the merits.

Burgo's first habeas corpus action was dismissed with prejudice as time-barred pursuant to 28 U.S.C. §2244(d). *Burgo v. Henderson*, No. 6:10-cv-1647, 2011 WL 2357218, at *1 (W.D. La. Mar. 25, 2011) (unpublished). Such a dismissal constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions. *See In re Flowers*, 595 F.2d 204, 205 (5th Cir. 2009) (per curiam). This fact was made clear to Burgo when he filed his second habeas petition, which was transferred to the Fifth Circuit Court of Appeals and denied. *Burgo v. C. Paul Phelps Corr. Ctr.*, No. 6:11-cv-1338, doc. 6 (W.D. La. May 7, 2012). His third habeas petition was also deemed successive, transferred to the Fifth Circuit, and dismissed for failure to comply with a court order. *Burgo v. C. Paul Phelps Corr. Ctr.*, No. 6:12-cv-705, doc. 20 (W.D. La. May 30, 2013); *Id.* at doc. 26.

In the instant habeas petition, a portion of Burgo's claims attack his underlying conviction. To this extent, his habeas corpus petition is successive. Before he may file this successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing required by the § 2244(b). Until Burgo obtains authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). This court is also not required to transfer a second or successive habeas petition to the Fifth Circuit. Although some district courts have taken this route, it is not mandatory. *Jacquet v. Cooper*, No. 6:12-cv-403, 2012 WL 2049951, at *3 (W.D. La. May 9, 2012) (citing *In Re Epps*, 127 F.3d 364 (5th Cir. 1997)). Moreover, in light of the Fifth Circuit's denial of his previous application to file a second or

successive habeas application, no practicable purpose would be served by transferring this matter to the circuit court for authorization.

### B.  Civil Rights Claims

In general, a civil rights suit is the appropriate procedure by which to contest unconstitutional conditions of confinement and prison procedures, while a habeas petition is properly used to seek release from custody. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). The Fifth Circuit has adopted a bright-line rule for determining how to categorize such pro se pleadings: if "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon a review of the pleadings herein, it is clear that Burgo has attempted to assert some civil rights claims through his theft allegations, among others. Such claims do not implicate the overall length of his confinement but rather the rules, customs, and procedures affecting his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). There is no relief for Burgo through his current petition for a writ of habeas corpus. If desired, he may attempt to file a civil rights complaint, paying the filing fee or seeking leave to proceed in forma pauperis.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

**IT IS ALSO RECOMMENDED** that Burgo's civil rights claims as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to his ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 21st day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE